## Henry J. Neibauer and Mary Neibauer v. Charles H. Sackett.

1. INSTRUCTIONS—*Where the Evidence is Conflicting.*—Where the evidence is conflicting, the imperative rule recognized and adopted in this State requires that the jury shall be accurately instructed.

2. ESTOPPEL—*When a Person is Called upon to Speak.*—Where the agents of a mortgagee acting under a chattel mortgage, and upon his information and direction, took certain property, the mortgagor is estopped by his own acts and declarations, deliberately done and made, at a time when he was called upon to speak and assert his rights, if he had any in the property he knew was about to be taken under the provisions of the mortgage, and he can not afterward claim a part thereof as after-acquired property not subject to the mortgage lien.

3. POSSESSION—*When Not Prima Facie Evidence of Ownership.*—Where the material question is, "is the property taken subject to the mortgage lien," it is error to instruct the jury that if plaintiff was in possession of, and claimed to own the property described in the declaration, the legal presumption is that it was his property, and if they believe from the evidence said property was his and in his possession and defendants took and sold or disposed of it, or appropriated the proceeds to their own use, then under the law a *prima facie* case was made for plaintiff, and the burden is cast upon the defendants of proving "some sort of justification" for taking and selling the property. The instruction makes the plaintiff's ownership and possession controlling facts. and directs the attention of the jury to them as such, whereas, by the terms of the mortgage the plaintiff could retain possession until condition broken. This ownership and possession at the time of taking were not inconsistent with the existence of such lien.

4. INSTRUCTIONS—*Invading the Province of the Jury.*—Where a sworn schedule made under the exemption law is introduced in evidence for the purpose of contradicting a party upon a question of ownership of personal property, it is error to instruct the jury that it does not have such weight in law as to estop him from contradicting such statement by his testimony as a witness. It invades the province of the jury, who alone are to determine the weight to be given to the evidence.

Memorandum.—Trover. Appeal from the Circuit Court of Union County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1894. Reversed and remanded. Opinion filed June 23, 1894.

The opinion states the case.

APPELLANTS' BRIEF, KARRAKER & LINGLE, ATTORNEYS.

A mortgage is valid without any note, although it purports to secure a note and substantially describes it. See Smith v. People's Bank, 24 Me. 185; Mitchell v. Burnham, 44 Me. 286; Goodhue v. Berrien, 2 Sandf. (N. Y.) Ch. 630; Lee v. Fletcher (Minn.), 12 L. R.

The mortgage does exist independently of the note. It is not essential that there should be any evidence of the debt beyond what is furnished by the recitals of the mortgage. The recitals in a mortgage are competent evidence against the mortgagor, to prove the consideration of the note described in it. Warner v. Brooks, 14 Gray (Mass.) 107; Eacho v. Cosby, 26 Gratt. (Va.) 112; Flagg v. Mann, 1 Sumn. 486; Goodhue v. Berrien, *supra;* Berger v. Hughes, 5 Hun (N. Y.) 180; Jones on Mortgages, Vol. 1, Sec. 353, 3d Ed.

W. A. SPANN, attorney for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellee brought this suit in trover against appellants, who administered upon the estate of Frank Neibauer, deceased, to recover the value of an engine, boiler and fixtures, used in a stationary saw-mill, and certain tools, wagons, chains, livestock, logs and lumber, alleged to have been sold and the proceeds converted by defendants to their own use. A verdict and judgment was entered for the plaintiff for $2,000 damages and costs of suit, to reverse which, defendants took this appeal.

Appellants took the property in question, and held it, under the provisions of a chattel mortgage upon said property given by appellee to their intestate to secure their notes for $666.66⅔, made due, respectively in eight, sixteen and twenty-four months, with eight per cent interest.

The material fact in controversy between the parties is, whether there was any consideration given Sackett for the mortgage, and upon this point the evidence is sharply conflicting. Sackett introduced evidence tending to prove he had not received any consideration, and that the intestate

had failed to get the money he was to loan Sackett, and which was intended to be secured by the mortgage, and no notes were found among the papers of the decedent. Nor was there any direct evidence showing the payment of any money by him to appellee. On the other hand appellants introduced the chattel mortgage in evidence and proved that about two months after it was made, Sackett, against whose property there was an execution, then in an officer's hands, made and delivered under the statute, a schedule sworn to by himself, in which he set forth and described as being then mortgaged, the very same property in said chattel mortgage described. And it does not appear, nor does he claim there was at that time any other mortgage on the property. Appellants also proved that in the summer of 1890, after the execution and recording of said mortgage, Sackett admitted he was indebted to Frank Neibauer, and his stuff was all mortgaged to him.

The evidence being thus sharply conflicting touching the vital controlling question before mentioned, the imperative rule recognized and adopted in this State required that the jury should be accurately instructed, and in our judgment this was not done. In plaintiff's first instructions the jury were told that even if they believed from the evidence, plaintiff received a valuable consideration for the mortgage, yet if defendant had property in his possession acquired by him after he made the mortgage, then as to such property they should find for plaintiff, and assess his damages at the amount of its value. This instruction should have been qualified by adding, unless the jury believe from the evidence that the persons acting for defendants took no property except that which the plaintiff pointed out and informed them was included in the mortgage. There was evidence that plaintiff did this. If such was the fact, and defendants' agents, acting entirely upon this information and direction thus given them, took the property, plaintiff is estopped by his own acts and declarations, deliberately done and made at a time when he was called upon to speak and assert his rights, if he had any in the property he knew was about to be taken under the provisions of said mortgage, and he could

not afterward, and after the sale, claim a part thereof as after-acquired property, not subject to the mortgage lien.

By plaintiff's seventh instruction the jury were informed if plaintiff was in possession of, and claimed to own the property described in the declaration, then the legal presumption is that it was his property, and if they believed from the evidence said property was his, and in his possession, and defendants took and sold or disposed of it, or appropriated the proceeds to their own use, then under the law a *prima facie* case was made for plaintiff, and the burden is cast upon the defendants of proving "some sort of justification" for taking and selling the property of plaintiff. This instruction makes plaintiff's ownership and possession controlling facts, and directs the attention of the jury to them as such, whereas the material question is, was the property taken subject to the mortgage lien? By the terms of the mortgage, plaintiff could retain possession until broken; hence his ownership and possession at the time of taking were not inconsistent with the existence of such lien, and the property was then subject thereto, if he received the consideration named in the mortgage, and duly executed, acknowledged and delivered the same, and it was entered and recorded as provided by law, and he was in default for non-payment, and the jury should have been so informed by the instruction, instead of being told "some sort of justification" for the taking and selling must be proved.

By plaintiff's tenth instruction the jury are told, in substance, that the schedule sworn to by plaintiff did not have such weight in law as to estop him from contradicting such statement by his testimony as a witness. This instruction invades the province of the jury, who alone are to determine the weight and effect to be given to the evidence, and the effect of the instruction would probably be to break the force of the contradictory sworn statements of the witness so far as it affected his credibility, which was a matter for the jury to pass upon uninfluenced by such an instruction from the court. For the error in giving the said instructions on behalf of plaintiff, the judgment is reversed and the cause remanded.